**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50507 |
| Plaintiff - Appellee, | D.C. No. 5:12-cr-00018-VAP |
| v. | |
| MARIA MAGDALENA ROCHA, a.k.a. Maria Lopez, a.k.a. Magdalena Maria Rocha, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Maria Magdalena Rocha appeals from the district court's judgment and

challenges the 72-month sentence imposed following her guilty-plea conviction for

mail fraud, in violation of 18 U.S.C. § 1341, and aggravated identity theft, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1028A. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rocha contends that the district court procedurally erred by failing to consider the mitigating factors and apply the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Rocha's mitigating arguments and the applicable section 3553(a) factors, and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Rocha next contends that the sentence is substantively unreasonable because the court improperly weighed the aggravating and mitigating factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including the nature of the offense. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**